IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID GARY GLADDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 13-70433 |
| ) | |
| U.S. DEPARTMENT OF TRANSPORTATION; ) | |
| FEDERAL AVIATION ADMINISTRATION; ) | |
| FREDERICK E. TILTON, Federal Air Surgeon; ) | |
| DOES, 1-10,[1] ) | |
| Respondents. ) | |

**MOTION TO DISMISS**

In accordance with Fed. R. App. P. 27 and Ninth Circuit
Rule 27-1, Respondent Federal Aviation Administration (FAA)
files this motion to dismiss.  On April 1, 2013, undersigned
counsel for Respondent contacted Mr. Gladden, who stated that he
intends to file a response in opposition to this motion.

**ISSUE PRESENTED**

**Whether Mr. Gladden's Petition For Review Should Be
Dismissed Because There Is No Final Agency Order For The
Court To Review.**

**REGULATORY BACKGROUND**

Under 49 U.S.C. § 44703, the Administrator of the FAA is
authorized to issue certificates to pilots who are "qualified
for, and physically able to perform the duties related to

---

[1] Although listed on the petition for review and included in the
Court's caption, it is unclear what is meant by the reference to
"Does 1-10".

[their] position." 49 U.S.C. § 44703(a). In order to ensure that pilots are physically able to perform their duties, 14 C.F.R. § 61.3(c) requires that a pilot hold a medical certificate in addition to a pilot certificate. 14 C.F.R. § 61.3(c); *see also* 14 C.F.R. § 61.23 (listing the types of medical certificates required for specific operations). The Administrator's authority to issue or deny medical certificates under section 44703 is delegated to the Federal Air Surgeon. 14 C.F.R. § 67.407(a).

The FAA issues three classes of medical certificate. *See* 14 C.F.R. § 61.23, 14 C.F.R. part 67 subparts B, C, D (2009). The class of medical certificate required depends on the type of pilot certificate held and the privileges the pilot wishes to exercise. 14 C.F.R. § 61.23. There are specific medical standards for each class of medical certificate. 14 C.F.R. part 67, subparts B, C, D. In order to obtain an unrestricted medical certificate, a pilot must meet all of the medical standards for the class of certificate desired. *See* 14 C.F.R. § 67.201 (stating eligibility requirements for a second-class medical certificate, which is the class of medical certificate Mr. Gladden applied for in 2011).

If a pilot does not meet the standards required to obtain an unrestricted medical certificate, the Federal Air Surgeon may issue an Authorization for Special Issuance (Authorization) of a

2

medical certificate if the pilot's duties can be performed "without endangering public safety."[2]  14 C.F.R. § 67.401; *see* 14 C.F.R. § 67.215 (stating that a person who does not meet the standards for a second-class medical certificate "may apply for the discretionary issuance of a certificate under § 67.401"). The Federal Air Surgeon may attach a number of conditions to an Authorization, such as limiting its duration, requiring additional medical testing and monitoring, or imposing operational restrictions necessary for safety.  14 C.F.R. § 67.401(d).

The decision to grant or deny an Authorization is solely within the discretion of the Federal Air Surgeon.  The Federal Air Surgeon also retains the discretion to withdraw an Authorization at any time if "[t]he holder fails to provide medical information reasonably needed by the Federal Air Surgeon for certification."  14 C.F.R. § 67.401(f)(4).  This Court has jurisdiction to review the Federal Air Surgeon's decision to grant or deny an Authorization under 49 U.S.C. § 46110(a).  *See Reder v. FAA*, 116 F.3d 1261, 1263 (8th Cir. 1997).

---

[2] Authorizations issued under section 67.401 are in the nature of a regulatory exemption.  The FAA's authorizing statute provides the Administrator of the FAA with discretionary authority to grant such exemptions when it is in the public interest. 49 U.S.C. § 44701(f).

## FACTUAL BACKGROUND

On May 5, 2011, Mr. Gladden applied for a second-class airman medical certificate and was examined by a designated aviation medical examiner, who deferred issuance of the medical certificate for further evaluation because he did not meet the eye standards required to hold a second class medical certificate under 14 C.F.R. § 67.203.  R. 88, 576-81; *see* R. 572-75 (report of eye evaluation).[3]  While reviewing Mr. Gladden's application, the Regional Flight Surgeon for the FAA's Alaska Region, Willis M. Simmons, M.D., observed that Mr. Gladden had answered "Yes" to question 18.v on the medical application and had indicated that he had previously reported an offense that resulted in the suspension of his driving privileges.  R. 88; *see* R. 577, 579.  Additional investigation revealed that Mr. Gladden had a history of several civil and criminal charges involving theft, failure to file a sales tax return, forcible entry, resisting or interference with arrest, driving while license suspended or revoked, and unlawful use of an operator's license.  R. 88, 571.  Accordingly, Dr. Simmons asked Mr. Gladden to provide copies of all records concerning

---

[3] Citations to the official agency record, filed with the Court on March 18, 2013, will be abbreviated R. __.

these matters to the FAA for review.[4]  R. 571.  Dr. Simmons later forwarded all of the records supplied by Mr. Gladden for review by the FAA's Chief Psychiatrist, Charles Chesanow, D.O.  R. 88.

Following Dr. Chesanow's review, Dr. Simmons denied Mr. Gladden's application, finding that he was not qualified to hold any class of airman medical certificate under the standards in 14 C.F.R. §§ 67.107(a)(1), 67.207(a)(1), and 67.307(a)(1) based on a history of personality disorder severe enough to have repeatedly manifested itself by overt acts.  R. 83-84.  Dr. Simmons' letter advised Mr. Gladden that the denial was subject to reconsideration.  R. 83.  Mr. Gladden requested reconsideration of Dr. Simmons' decision to deny his application by the Federal Air Surgeon.  R. 67-82.

Upon reconsideration, including review of additional information provided by Mr. Gladden, Frederick E. Tilton, M.D., Federal Air Surgeon, affirmed Dr. Simmons' determination that Mr. Gladden did not meet the standards for airman medical certification set out in 14 C.F.R. §§ 67.107(a)(1), 67.207(a)(1), and 67.307(a)(1) based on a history of personality disorder severe enough to have repeatedly manifested itself by

---

[4] Under 14 C.F.R. § 67.413(a), Mr. Gladden was required to furnish this additional information, which was necessary to determine whether he met the medical standards required to hold a second-class medical certificate.

overt acts.  R. 63.  Accordingly, Dr. Tilton sent Mr. Gladden a final denial letter on February 28, 2012.  *Id*.

Mr. Gladden filed a petition for review with the National Transportation Safety Board (NTSB).  Attachment 1.  On April 11, 2012, the Federal Air Surgeon withdrew the February 28, 2012 letter denying Mr. Gladden's application for airman medical certification to further consider whether Mr. Gladden could safely be issued a medical certificate.  R. 59.  As part of that consideration, the Federal Air Surgeon requested that Mr. Gladden provide additional medical information, specifically, a clinical evaluation from a board-certified forensic psychiatrist familiar with aviation standards.  *Id*.  In light of the Federal Air Surgeon's decision to withdraw the final denial letter, the NTSB dismissed Mr. Gladden's petition for review as moot.  Attachment 2.

Mr. Gladden then provided the FAA with a clinical evaluation report prepared by Steven Jurgens, M.D.  R. 20-42. After further review, on December 4, 2012, the Federal Air Surgeon issued Mr. Gladden an Authorization for Special Issuance of a second-class airman medical certificate under 14 C.F.R. § 67.401.  R. 16-17.  The Federal Air Surgeon found that Mr. Gladden did not meet the standards for airman medical certification set forth in 14 C.F.R. §§ 67.107(a)(1), 67.207(a)(1), and 67.307(a)(1) based on a history of personality

6

disorder severe enough to have repeatedly manifested itself by overt acts. R. 16. The Federal Air Surgeon determined, however, that Mr. Gladden's current clinical status showed that subject to certain conditions he could perform the duties authorized by a second-class medical certificate without endangering public safety during the period that the Authorization would be in force. *Id.*

The Federal Air Surgeon limited the duration of the Authorization to 12 months and set forth conditions for Mr. Gladden to meet in order to remain eligible for special issuance of a second-class medical certificate. R. 16-17. Specifically, the Federal Air Surgeon required that within 45 days of the date of the Authorization, Mr. Gladden engage a certified counseling psychologist to evaluate him and begin "insight-oriented behavioral therapy." R. 16. The Federal Air Surgeon also required Mr. Gladden to provide quarterly status reports from the psychologist to the FAA concerning his therapy progress and behavioral stability. *Id.*

On December 7, 2012, Mr. Gladden wrote to the Federal Air Surgeon and requested that the Federal Air Surgeon "with specificity delineate each and every 'repeatedly manifested . . . overt act' that you have based your Order on in this Case . . . ." R. 15. On December 13, 2012, pursuant to the Authorization, Mr. Gladden applied for a second-class airman

7

medical certificate and was examined by a designated aviation medical examiner, who issued the certificate.  R. 12-14.

On January 9, 2013, the Federal Air Surgeon responded to Mr. Gladden's December 7, 2012 request that he "delineate each and every 'repeatedly manifested . . . overt act'" by summarizing Mr. Gladden's extensive history of civil and criminal charges and observing that "the totality of these repeated conflicts with various civil requirements, rather than each individual event, suggest a pattern of behavioral instability that appears to repeatedly manifest in disregarding generally accepted rules for behavior."  R. 7.  The Federal Air Surgeon noted that, based on the fact that Mr. Gladden's flying history was without incident, he was willing to grant an Authorization to Mr. Gladden contingent upon his participation in counseling to monitor his behavioral stability as outlined in the Authorization letter.  *Id*.

Mr. Gladden filed a petition with this Court on February 4, 2013, seeking review of the Federal Air Surgeon's decision to issue him the Authorization for Special Issuance.  On March 13, 2013, the Federal Air Surgeon, however, withdrew the Authorization under 14 C.F.R. § 67.401(f)(4) based on his determination that Mr. Gladden had not complied with the conditions required to remain eligible for special issuance of a second-class airman medical certificate.  R. 2-3.  Specifically,

8

Mr. Gladden failed to engage a certified counseling psychologist to evaluate him and initiate insight-oriented behavioral therapy within 45 days of the date of the Authorization and he failed to provide the first of what were to be quarterly status reports from the psychologist concerning his therapy progress and behavioral stability.  R. 2.

**ARGUMENT**

**Mr. Gladden's Petition For Review Should Be Dismissed For Lack Of Jurisdiction Because There Is No Final Agency Action For The Court To Review And The Matter Has Been Rendered Moot.**

Mr. Gladden is seeking review of the Federal Air Surgeon's decision to *grant* him an Authorization.  Petition at 1-4.  The Authorization permitted Mr. Gladden to obtain what he applied for—a second-class airman medical certificate—albeit a special issuance certificate with conditions attached.  *See* R. 12-14. Nevertheless, Mr. Gladden contends that the FAA lacks authority to issue him a restricted medical certificate and has asked this Court to order the FAA to issue him an unrestricted airman medical certificate.  Petition at 1, 3, 11, 16.

It is well established that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Under Article III of the

U.S. Constitution, federal court jurisdiction is limited to
actual "Cases" and "Controversies." *U.S. Parole Comm'n v.
Geraghty*, 445 U.S. 388, 395 (1980). *Accord Pitts v. Terrible
Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). Accordingly,
"[a] claim is moot if it has lost its character as a present,
live controversy." *Am. Rivers v. Nat'l Marine Fisheries Serv.*,
126 F.3d 1118, 1123 (9th Cir. 1997). "If an event occurs that
prevents the court from granting effective relief, the claim is
moot and must be dismissed." *Id.*

On March 13, 2013, after Mr. Gladden filed the present
petition for review, the Federal Air Surgeon withdrew the
Authorization at issue because Mr. Gladden failed to comply with
any of its conditions, chiefly the requirement that he initiate
insight-oriented behavioral therapy with a certified counseling
psychologist and provide quarterly reports concerning his
progress. R. 2-3. Accordingly, there is no final agency action
for this Court to review under 49 U.S.C. § 46110(a) and
Mr. Gladden's claim is moot. *See Am. Rivers*, 126 F.3d at 1123.

Mr. Gladden is no longer subject to the conditions that he
finds objectionable and the status of his application for airman
medical certification is as it was before the Federal Air
Surgeon granted the Authorization: under review. The Federal
Air Surgeon must now determine whether to grant or deny
Mr. Gladden's application for an unrestricted airman medical

certificate.[5]  If the Federal Air Surgeon denies Mr. Gladden's application for an unrestricted medical certificate, he may appeal the denial to the NTSB as provided in 49 U.S.C. § 44703(d) and, if unsuccessful, seek judicial review in this Court under 49 U.S.C. §§ 1153 and 46110(a).

## CONCLUSION

Because the Authorization at issue has been withdrawn, there is no final agency action for this Court to review and the matter is moot.  The FAA therefore respectfully requests that this Court dismiss Mr. Gladden's petition for review for lack of jurisdiction.

---

[5] If the Federal Air Surgeon denies Mr. Gladden's application for an unrestricted medical certificate, he must first exhaust available administrative remedies.  49 U.S.C. § 44703(d) (indicating that an individual whose application for an airman certificate has been denied may appeal the denial to the NTSB) and § 1153(b) (providing that "[a] person disclosing a substantial interest in an order related to an aviation matter issued by the [NTSB]" may seek judicial review in the Court of Appeals).  *See* 49 U.S.C. §§ 1153(b)(4) & 46110(d) (setting forth the requirement that a reviewing court only consider an objection to the agency order to the extent the objection was made in the agency proceeding below); *Cont'l Air Lines, Inc. v. Dep't of Transp.*, 843 F.2d 1444, 1445 (D.C. Cir. 1988) (finding the judicial review provision of the FAA statute to be a "statutorily ordained requirement of exhaustion of administrative remedies").

Respectfully Submitted,


s/ Amanda K. Bruchs_____
Amanda Kate Bruchs
Attorney, AGC-300
Office of the Chief Counsel
Federal Aviation Administration
800 Independence Avenue, S.W.
Washington, DC  20591
(202) 493-5548 telephone
(202) 267-5106 fax
amanda.bruchs@faa.gov

Attorney for Respondent
Federal Aviation Administration



Dated: April 10, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 10, 2013.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by certified mail, return-receipt requested, to the following non-CM/ECF participants:

David Gary Gladden
P.O. Box 833
Dillingham, AK 99576


*s/ Amanda K. Bruchs*__
April 10, 2013

13

Attachment 1



**National Transportation Safety Board**

490 L'Enfant Plaza East, S.W.
Washington, D.C. 20594

Phone:      202-314-6150
Toll Free:  1-800-854-8758
FAX:        202-314-6158

OFFICE OF ADMINISTRATIVE
LAW JUDGES

March 23, 2012

Mr. David Gary Gladden
P.O. Box 833
Dillingham, AK 99576
(Priority Mail)

RE:   Petition of *DAVID GARY GLADDEN*
NTSB Docket *SM-5274*

Dear Mr. Gladden:

Your Petition for Review you filed has been received by the National Transportation Safety Board
and docketed on *March 22, 2012.* We have assigned the above-captioned number to your petition.

*Your petition for review is accepted pursuant to 49 U.S.C. Section 44703(c) and Part 821, the*
*Board's Rules of Practice. Your attention is specifically directed to Sections 821.6, and 821.24*
*through 821.26 of the Board's Rules. A copy of the Rules is enclosed.*

The Administrator of the Federal Aviation Administration, after receipt of your petition, will file an
answer to the petition. This matter will then stand ready for hearing. At the hearing, the burden of
proof will be on you, the Petitioner. The Administrator will be represented by an attorney and the
hearing will be similar to that of a court hearing.

In the event you intend to hire an attorney, you should do so immediately. (You are not required to
have an attorney, but it is advisable to have one [See Section 821.6].) If you do hire an attorney,
please have your attorney notify us right away. You should not delay your decision as to whether to
retain an attorney for the reason that the last minute retention of a lawyer cannot be used as an
excuse for postponement of a hearing.

Case: 13-70433, 05/16/2013, ID: 8583977, DktEntry: 5, Page 16 of 22

2

Would you please advise this office the location of your witnesses and any date or period that you would not be ready to proceed with a hearing, and furnish us with a home and business phone number. Furthermore, please direct your request(s) for information from the FAA and DOT to those agencies.

Sincerely,

Pamela O. McKenzie

Pamela O. McKenzie
Case Manager

Enclosures:    1. Part 821 & List of Specifically Disqualifying Medical Conditions
2. Pamphlet "The Office of Administrative Law Judges: What It Is and What It Does"
3. Entry of Appearance Sheet

cc:    FAA Region: Office of Chief Counsel, AGC-300
FAA Telephone: 202-267-3137    Fax: 202-267-5106
FAA Docket Section, Washington, D.C.



# NATIONAL TRANSPORTATION SAFETY BOARD
### Office of Administrative Law Judges
490 L'Enfant Plaza East, SW
Washington, DC 20594
Telephone: 202-314-6150; Toll Free: 1-800-854-8758; Facsimile: 202-314-6158

2012 MAR 22 · P 3: 21

NTSB OFC. OF JUDGES
WASHINGTON, D.C.

RECEIVED

---

**PETITION OF**

David Gary Gladden _____,

**for review of the denial by the Administrator of the**
**Federal Aviation Administration of the issuance of**
**an airman medical certificate.**

---

## PETITION FOR REVIEW

Petitioner hereby requests that the National Transportation Safety Board (NTSB) review the Federal Aviation Administration's (FAA) final denial of medical certification under 49 U.S.C. § 44703(d). A copy of the FAA's final denial letter is enclosed. *(Note: The FAA's final denial letter specifically states that you may request an NTSB review).*

Respectfully submitted,

Signature: *David Gary Gladden*
Typed or Printed Name: David Gary Gladden
Address: P.O. Box 833
Address: Dillingham, Alaska 99576
Telephone: 907-843-1658 ~ Cellular
Facsimile:

---

### CERTIFICATE OF SERVICE

[X] I hereby certify that on the __15th__ day of __March__ , 20__12__ , I mailed the **Original and three (3) copies** of the foregoing Petition for Review to the National Transportation Safety Board, Office of Administrative Law Judges, 490 L'Enfant Plaza East, SW, Washington, DC 20594.

*Check all that apply:* [X] certified mail [ ] fax [ ] overnight mail

David Gary Gladden                                    *David Gary Gladden*
_____                          _____
Typed or Printed Name                                    Signature

---

**ORIGINAL & THREE (3) COPIES – NTSB JUDGES OFFICE**
**COPY – FAA ATTORNEY**
**COPY – YOUR RECORDS**

NTSB FORM 2006.4 (Rev. 2/2012)

Case: 13-70433, 04/10/2013, ID: 8583977, DktEntry: 5, Page 18 of 22



U.S. Department
of Transportation

**Federal Aviation
Administration**

Office of Aerospace Medicine
800 Independence Ave., S.W.
Washington, D.C. 20591

FEB 2 8 2012

## CERTIFIED MAIL—RETURN RECEIPT REQUESTED

Mr. David G. Gladden
P.O. Box 833
Dillingham, AK 99576

PI# 1013194

Dear Mr. Gladden:

I have reviewed the information contained in your agency medical file in support of your request
for second-class airman medical certification. The available medical evidence reveals a history
of a personality disorder severe enough to have repeatedly manifested itself by overt acts. This
finding is incompatible with aviation safety. I have determined, therefore, that you are ineligible
for airman medical certification under Sections 67.107(a)(1), 67.207(a)(1), and 67.307(a)(1) of
Title 14, Code of Federal Regulations, (14 CFR) Part 67.

If you wish to appeal the denial of your application for a medical certificate, you may file a
petition with the National Transportation Safety Board (NTSB); 490 L'Enfant Plaza East, S.W.;
Washington, D.C. 20594. This petition must be filed within 60 days of the service of this letter
and be in accordance with the provisions of 49 U.S.C. § 44703. The NTSB review is based, in
part, on the NTSB Rules of Practice in Air Safety Proceedings, 49 CFR Part 821. The NTSB
website at http://www.ntsb.gov/legal/alj.html has more information on the appeal process.

You have also been given consideration for the special issuance of a medical certificate under 14
CFR Section 67.401. I have determined, however, that your medical condition precludes the safe
performance of airman duties under any condition that could reasonably be prescribed.

I understand your disappointment regarding my decision, and I wish you all the best in the
future.

Sincerely,

James R. Frase for

Frederick E. Tilton, M.D.
Federal Air Surgeon

cc: Petra A. Illig, M.D.

Attachment 2

SERVED:  April 19, 2012

UNITED STATES OF AMERICA
**NATIONAL TRANSPORTATION SAFETY BOARD**
OFFICE OF ADMINISTRATIVE LAW JUDGES

```
                              )
Petition of                   )
                              )
                              )
                              )
  DAVID GARY GLADDEN          )
                              )
for review of the denial by the )   Docket No.: SM-5274
Acting Administrator of the   )
Federal Aviation Administration )
of the issuance of an Airman  )
Medical certificate.          )
                              )
```

<u>**ORDER GRANTING ADMINISTRATOR'S MOTION TO DISMISS**
**PETITION FOR REVIEW**</u>

SERVICE:  Mr. David G. Gladden        Amanda K. Bruchs, Esq.
          P.O. Box 833                Federal Aviation Administration
          Dillingham, AK  99576       Office of Chief Counsel
                                      800 Independence Avenue, S.W.
                                      Washington, D.C.  20591
               **(by certified mail)**       **(by fax)**

On March 22, 2012, Petitioner filed a request for review by
the National Transportation Safety Board of the Federal Aviation
Administration's (FAA) February 28, 2012, denial of an airman
medical certificate.  The denial was based on a history of
personality disorder severe enough to have repeatedly manifested
itself by overt acts.

On April 11, 2012, the Administrator, through counsel
subsequently moved for the dismissal of that petition on the
basis that the Federal Air Surgeon had, through an April 11, 2012
letter, withdrawn the final denial letter and requested
additional information to determine his eligibility to hold an
airman medical certificate.

As a result, the Administrator maintains that because the
Federal Air Surgeon has withdrawn the letter denying Petitioner's

2

application for airman medical certification, there is no basis for further adjudication and the matter is moot. The undersigned agrees with that assessment.

**THEREFORE, IT IS ORDERED** that the Administrator's motion to dismiss the petition in this proceeding is hereby GRANTED WITHOUT PREJUDICE to petitioner's right to submit a future petition for review of any final denial of his pending application for medical certification.

**IT IS FURTHER OREDERED** that this petition is hereby **TERMINATED**.

Entered this 19th day of April, 2012, at Washington, D.C.


_____
ALFONSO J. MONTAÑO
Acting Chief Administrative Law Judge

## APPEAL (DISPOSITIONAL ORDER)

Any party to this proceeding may appeal this order by filing a written notice of appeal within 10 days after the date on which it was served (the service date appears on the first page of this order). An original and 3 copies of the notice of appeal must be filed with the:

National Transportation Safety Board
Office of Administrative Law Judges
Room 4704
490 L'Enfant Plaza East, S.W.
Washington D.C. 20594
Telephone: (202) 314-6150 or (800) 854-8758

That party must also perfect the appeal by filing a brief in support of the appeal within 30 days after the date of service of this order. An original and one copy of the brief must be filed directly with the:

National Transportation Safety Board
Office of General Counsel
Room 6401
490 L'Enfant Plaza East, S.W.
Washington, D.C. 20594
Telephone: (202) 314-6080
FAX: (202) 314-6090

The Board may dismiss appeals on its own motion, or the motion of another party, when a party who has filed a notice of appeal fails to perfect the appeal by filing a timely appeal brief.

A brief in reply to the appeal brief may be filed by any other party within 30 days after that party was served with the appeal brief. An original and one copy of the reply brief must be filed directly with the Office of General Counsel in Room 6401.

NOTE: Copies of the notice of appeal and briefs must also be served on all other parties to this proceeding.

An original and one copy of all papers, including motions and replies, submitted thereafter should be filed directly with the Office of General Counsel in Room 6401. Copies of such documents must also be served on the other parties.

The Board directs your attention to Rules 7, 43, 47, 48 and 49 of its Rules of Practice in Air Safety Proceedings (codified at 49 C.F.R. §§ 821.7, 821.43, 821.47, 821.48 and 821.49) for further information regarding appeals.

ABSENT A SHOWING OF GOOD CAUSE, THE BOARD WILL NOT ACCEPT LATE APPEALS OR APPEAL BRIEFS.